UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

IN RE: BENJAMIN H. YORMAK

STEVEN R YORMAK,

    Appellant,

v.                        Case No: 2:18-cv-309-FtM-29

BENJAMIN H. YORMAK,

    Appellee.

## OPINION AND ORDER

This matter comes before the Court on appellant/creditor Steven Yormak's Motion for Leave, and Appeal of Bankruptcy Court Interlocutory Order Granting Debtor's Motion to Amend Objection to Claim No. 4-1 of Steven R. Yormak; Denying Motion to Strike; Setting Status Conference; and, Prohibiting Communications with Debtor's Clients (Doc. #2) filed on May 9, 2018. Appellee/debtor Benjamin H. Yormak filed a Response (Doc. #5) and appellant filed a Reply (Doc. #6), which includes a motion to stay pending appeal. Also before the Court is appellee's Motion to Strike the Reply of Creditor Steven R. Yormak and to Deny Motion for Stay Pending Appeal (Doc. #3).

**I.**

As background, on January 22, 2014, Benjamin Yormak removed Steven Yormak's Complaint from Collier County Circuit Court to

federal district court.  On May 28, 2015, Steven Yormak filed a Second Amended Complaint (Doc. #190) against Benjamin H. Yormak and Yormak Employment & Disability Law, otherwise known as BHY Consulting, LLC, for damages stemming from the breach of the written consulting agreement dated August 18, 2012, the same subject of Claim 4-1 in the bankruptcy case at issue.  Steven Yormak alleged that he provided hundreds of hours of consulting services, and that Benjamin Yormak agreed to pay an hourly rate for those hours.  See Case No. 2:14-cv-33-FTM-29CM.  On April 27, 2015, the district court case was stayed as to Benjamin Yormak based on his filing of a Suggestion of Bankruptcy.  (Doc. #181.) On May 19, 2015, the case was stayed in its entirety and the case was administratively closed pending further order.  (Doc. #189.) That case remains stayed.

Benjamin Yormak filed the voluntary petition under Chapter 13 of the Bankruptcy Code on April 24, 2015.  See 9:15-bk-04241-FMD.[1] On June 1, 2015, Steven Yormak filed an objection to the confirmation of the proposed Chapter 13 Plan, and on September 17, 2015, Benjamin Yormak filed an objection to Claim No. 4-1 filed by Steven Yormak.  On November 10, 2015, Steven Yormak filed a motion for summary judgment in the Bankruptcy Court regarding the

---

[1] The following facts were discerned from review of the docket sheet filed in Case No. 2:17-cv-73-FTM-38.  No updated docket sheet was transmitted with the request to appeal.

objection to his Claim No. 4-1.  On April 22, 2016, the Bankruptcy Court entered an Order Denying Motion for Summary Judgment Filed by Steven Yormak, and scheduled trial on the objection filed by Benjamin Yormak, which asserted that the Consulting Agreement was void as a matter of law.  On May 4, 2016, Benjamin Yormak filed a motion for leave to amend his objection.  In response, on May 20, 2016, Steven Yormak filed a motion for summary judgment on the amended objection, and on May 24, 2016, Steven Yormak filed an objection to the request for leave to amend the objection.  On June 6, 2016, an Order was entered denying the motion for leave to amend the objection.

On July 27, 2016, Benjamin Yormak filed a notice of voluntary conversion to a Chapter 7 case.  On January 19, 2017, the Bankruptcy Court entered an Order Denying Motion for Summary Judgment on an amended objection to Claim No. 4-1, and Steven Yormak sought leave to appeal.  The Bankruptcy Court held the motion in abeyance.

On February 1, 2017, Steven Yormak filed an interlocutory Notice of Appeal in the district court from the Order Denying Motion for Summary Judgment Filed by Steven Yormak.  (Case No. 2:17-cv-73-FTM-38.)  On June 19, 2017, Steven Yormak's motion for leave to appeal from the Order was denied by the Honorable Sheri Polster Chappell.  The appeal from Judge Chappell's Opinion and Order was dismissed for lack of jurisdiction.

On April 18, 2018, the Bankruptcy Court issued an Order Granting Debtor's Motion to Amend Objection to Claim No. 4-1 of Steven R. Yormak, denying Steven Yormak's motion to strike the unlicensed practice of law objection, and directing Steven Yormak to respond to the amended objection.  On May 9, 2018, Steven Yormak filed another motion for leave to appeal in the district court from this Order.

**II.**

The United States District Court functions as an appellate court in reviewing decisions of the United States Bankruptcy Court. 28 U.S.C. § 158(a); In re JLJ, Inc., 988 F.2d 1112, 1116 (11th Cir. 1993).  The threshold issue is the district court's jurisdiction to entertain the appeal.  In re Donovan, 532 F.3d 1134, 1136 (11th Cir. 2008).  The first inquiry is whether the appealed Order was final and appealable, or whether it was an interlocutory order.  If the Court determines that the Order was interlocutory in nature, the second inquiry is whether leave to file an interlocutory appeal should be granted.  In re Charter Co., 778 F.2d 617, 620-621 (11th Cir. 1985).

An interlocutory order is one that "does not finally determine a cause of action but only decides some intervening matter pertaining to the cause, and which requires further steps to be taken in order to enable the court to adjudicate the cause on the merits."  In re Kutner, 656 F.2d 1107, 1111 (5th Cir. Unit A Sept.

1981)[2] (citation omitted). It is clear that the Order granting the amendment was not a final order within the meaning of the cases summarized above. The Order did not "completely resolve all of the issues pertaining to a discrete claim," In re Celotex Corp., 700 F.3d 1262, 1265 (11th Cir. 2012), and "[did] not finally determine a cause of action," In re Kutner, 656 F.2d at 1111. Therefore, the order is not appealable as of right, and the Court must consider whether leave to appeal should be granted.

A federal district court has jurisdiction to consider interlocutory appeals from the orders of a bankruptcy court if the district court grants leave. 28 U.S.C. § 158(a)(3). If a district court, on its own motion or on the request of a party, determines:

> **(i)** the judgment, order, or decree involves a question of law as to which there is no controlling decision of the court of appeals for the circuit or of the Supreme Court of the United States, or involves a matter of public importance;
>
> **(ii)** the judgment, order, or decree involves a question of law requiring resolution of conflicting decisions; or
>
> **(iii)** an immediate appeal from the judgment, order, or decree may materially advance the progress of the case or proceeding in which the appeal is taken,

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

the district court shall certify the appeal.  28 U.S.C. § 158(d)(2)(A).  See also 28 U.S.C. § 1292(b).  The Court finds that none of these three basis have been established in this case.

**A. Bankruptcy Court's Findings**

The proposed objection to Steven Yormak's claim that is the subject of this appeal is that the services provided by Steven Yormak under the consulting agreements constituted the unauthorized practice of law.  (Doc. #2, p. 36.)  More specifically, Benjamin Yormak alleges that the consulting agreements were drafted by Steven Yormak as disguised agreements to engage in a joint venture partnership for the practice of law in Florida with Benjamin Yormak, and for Steven Yormak to be paid a substantial portion of the legal fees earned as the senior partner in the venture.  (Id., p. 38.)  Steven Yormak argued that Benjamin Yormak must first obtain a determination from the Florida Supreme Court that he engaged in the unauthorized practice of law, and the objection should be stayed during the process.  (Id., p. 39.)

The Bankruptcy Court found that Benjamin Yormak was not seeking to recover fees and damages but was using the argument as a "defensive shield".  (Id., p. 41.)  In so finding, the Bankruptcy Court noted:

> The Eleventh Circuit's analysis makes it clear that in order for a party to bring an affirmative claim predicated on the

> unauthorized practice of law, the Florida Supreme Court must have made the determination that the conduct at issue is the unauthorized practice of law and that no private cause of action exists. But this rationale does not apply to a party who defends a claim made against him by an attorney based upon that attorney's unauthorized practice of law.
>
> Having reviewed the relevant case law, I conclude that no case law requires a party, defending a claim for compensation by an attorney, to obtain a determination from the Florida Supreme Court that the attorney had engaged in the unauthorized practice of law prior to raising that issue as a defense.
>
> Therefore, I find the Debtor may object to Steven Yormak's claim on the grounds that the consulting agreements were void because they called for the unlicensed practice of law without first obtaining a determination from the Florida Supreme Court.

(Id., p. 45.)

**B. Motion for Leave to Appeal**

Steven Yormak argues that the Bankruptcy Court ignored established precedent under Goldberg v. Merrill Lynch Credit Corp., 981 So. 2d 550 (Fla. 4th DCA 2008), approved, 35 So. 3d 905 (Fla. 2010), requiring that a party plead that the Florida Supreme Court has made a finding of unauthorized practice of law before proceeding on a claim.

In Goldberg, the Fourth District Court of Appeals specifically distinguished Vista Designs, Inc. v. Silverman, 774 So. 2d 884 (Fla. 4th DCA 2001) and Preferred Title Servs., Inc. v. Seven Seas Resort Condo., Inc., 458 So. 2d 884 (Fla. 5th DCA 1984)

because "the issue was used as a shield and not as a sword", unlike in Goldberg.  Goldberg, 981 So. 2d at 552.  Vista Designs involved a counterclaim that the verbal agreement was void because the patent attorney was not licensed in the State of Florida.  The appellate court determined that the trial court was correct in its finding that attorney engaged in in the unauthorized practice of law.  In Preferred Title, "[o]nce again, the case did not involve an affirmative claim for fees as a result of the unauthorized practice of law. The allegation of the unauthorized practice of law was used as a defense to a claim by the title insurer to obtain fees for document preparation."  Id.

In the same manner, the Bankruptcy Court distinguished Benjamin Yormak's defense from a claim of unauthorized practice of law from pleading an actual claim of unauthorized practice of law.  The Bankruptcy Court also recognized the line of cases, including the Eleventh Circuit, requiring a determination by the Florida Supreme Court of an unauthorized practice of law, but noted that none of the cases addressed the issue as a defense.  As a result, the Bankruptcy Court found that the defense could be presented without the finding.

The decision of the Bankruptcy Court is in line with current case law and does not involve a matter of public importance.  Further, the order did not involve a question of law where there is a split of authority because there are no conflicting decisions

or case law to the contrary. Lastly, the Court does not find that an immediate appeal would materially advance the progress of the case. For these reasons, the motion is denied.

Accordingly, it is hereby

**ORDERED:**

1. Appellant's Motion for Leave, and Appeal of Bankruptcy Court Interlocutory Order Granting Debtor's Motion to Amend Objection to Claim No. 4-1 of Steven R. Yormak; Denying Motion to Strike; Setting Status Conference; and, Prohibiting Communications with Debtor's Clients (Doc. #2) is **DENIED.**

2. Appellee's Motion to Strike the Reply of Creditor Steven R. Yormak and to Deny Motion for Stay Pending Appeal (Doc. #3) is **DENIED** as moot.

3. The Clerk shall enter judgment dismissing the appeal, transmit a copy of this Opinion and Order to the Clerk of the Bankruptcy Court, terminate all deadlines, and close the file.

**DONE and ORDERED** at Fort Myers, Florida, this __8th__ day of June, 2018.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Clerk, Bankr. Ct.

Counsel of Record